UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM D. MORRIS,**

    **Plaintiff,**

vs.

    Civil Action 2:10-cv-00262
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E. A. Preston Deavers

**McCALLER,** *et al.,*

    **Defendants.**

## INITIAL SCREENING REPORT AND RECOMMENDATION

### I.

This matter is before the Court for screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of the Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen of the Amended Complaint, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for lack of subject matter jurisdiction.

### II.

"[A] federal Court always has jurisdiction to determine its own jurisdiction." *United State v. Ruiz*, 536 U.S. 622 (2002). Further, a district court has the power to dismiss a case *sua sponte* for lack of subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different States, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### III.

According to Plaintiffs, as set forth in the Amended Complaint, the Court's jurisdiction arises because "the Plaintiff[] and Defendants are from different States." (Pl.'s Am. Compl. ¶ 3.) There is no diversity of citizenship, however, between Plaintiff and Defendant C. James McCaller, Jr. & William D. Morris: A Georgia General Partnership ("Partnership"). Under 28 U.S.C. § 1332(a), "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). For purposes of determining diversity jurisdiction, a partnership is deemed to be a citizen of every state where its partners reside. *V&M Star*, 596 F.3d at 355. In Plaintiff's Amended Complaint, he identifies that he is a member of Defendant Partnership. Thus, he and Defendant Partnership are necessarily citizens of the same state. *See id*. Consequently, in this case, subject-matter jurisdiction cannot be predicated on diversity jurisdiction. Further, Plaintiff's Amended Complaint does not contain a federal claim. Therefore, there is no federal question jurisdiction. 28 U.S.C. § 1331. Accordingly, the undersigned finds that this Court lacks subject-matter jurisdiction over this action.

**IV.**

Because this Court lacks subject matter jurisdiction, the undersigned **RECOMMENDS** that the Court **DISMISS** this action.

**V.**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted))

The Clerk is **DIRECTED** to send a copy of this Initial Screening Report and Recommendation to all parties.

<u>August 13, 2010</u>                                              <u>     /s/ *Elizabeth A. Preston Deavers*     </u>
                                                                            Elizabeth A. Preston Deavers
                                                                            United States Magistrate Judge