UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM D. MORRIS,

    **Plaintiff,**

v.

    Civil Action 2:10-cv-262
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge E. A. Preston Deavers

C. JAMES McCALLAR, JR., et al.,

    **Defendants.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Objection to the United States Magistrate Judge's Report and Recommendation. (ECF No. 16.) For the reasons that follow, the Court **SUSTAINS** Plaintiff's Objection (ECF No. 16), declines to adopt the Report and Recommendation (ECF No. 11), and recommits this matter to the Magistrate Judge for further screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge recommended that the Court dismiss this action for lack of subject matter jurisdiction. She analyzed Plaintiff's assertion of diversity jurisdiction as follows:

> According to Plaintiff, as set forth in the Amended Complaint, the Court's jurisdiction arises because "the Plaintiff[] and Defendants are from different States." (Pl.'s Am. Compl. ¶ 3.) There is no diversity of citizenship, however, between Plaintiff and Defendant C. James McCallar, Jr. & William D. Morris: A Georgia General Partnership ("Partnership"). Under 28 U.S.C. § 1332(a), "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). For purposes of determining diversity jurisdiction, a partnership is deemed to be a citizen of every state where its partners reside. *V&M Star*, 596 F.3d at 355. In Plaintiff's Amended Complaint, he identifies that he is a member of Defendant Partnership. Thus, he and Defendant Partnership are necessarily citizens of the same state. *See*

> *id.* Consequently, in this case, subject-matter jurisdiction cannot be predicated on diversity jurisdiction. Further, Plaintiff's Amended Complaint does not contain a federal claim. Therefore, there is no federal question jurisdiction. 28 U.S.C. § 1331. Accordingly, the undersigned finds that this Court lacks subject-matter jurisdiction over this action.

(Report and Recommendation 2–3, ECF No. 11.) Thus, the Magistrate Judge premised her recommendation upon her understanding that Plaintiff Morris was a member of Defendant C. James McCallar, Jr. & William D. Morris: A Georgia General Partnership ("Partnership").

In his Objections, Plaintiff clarifies that at the time he filed the instant action, he was no longer a member of Defendant Partnership. He represents that instead, he left Defendant Partnership pursuant to a written agreement in 2006.

Based upon Plaintiff's representations, complete diversity between Plaintiff and Defendants exists. Accordingly, the Court **SUSTAINS** Plaintiff's Objection (ECF No. 16), declines to adopt the Report and Recommendation (ECF No. 11), and recommits this matter to the Magistrate Judge for further screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 636(b)(1)(C).

**IT IS SO ORDERED.**

5-17-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

2