UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM D. MORRIS,

      Plaintiff,

                                     Civil Action 2:10-cv-262
      v.                             Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge E.A. Preston Deavers

C. JAMES McCALLAR, JR., et al,

      Defendants.

## ORDER

This matter is before the Court for consideration of Plaintiff's and Defendant C. James McCaller, Jr.'s Objections to the United States Magistrate Judge's June 1, 2011 Report and Recommendation. (ECF Nos. 27 and 31.) For the reasons that follow, the Court **OVERRULES** the parties' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's claims against Defendants Michael Spurlock and Beery & Spurlock, Co. LPA (the "Spurlock Defendants") are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Defendants C. James McCallar, Jr., The McCallar Law Firm, and C. James McCallar, Jr. & William D. Morris: A Georgia General Partnership (the "McCallar Defendants") are **ORDERED** to answer or otherwise respond to Plaintiff's Amended Complaint within **TWENTY-EIGHT DAYS** of the date of this Order. Finally, this Order renders Plaintiff's Motion Regarding McCallar's Qualifications as Expert Handwriting Witness (ECF No. 38), Plaintiff's Motion to Strike (ECF No. 43), and Plaintiff's Motion and Affidavit (ECF No. 50) **MOOT.**

## I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the instant case, the Magistrate Judge reviewed Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which was frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e), the Court must perform an initial screen of Plaintiff's Complaint. Specifically, 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>      \*       \*       \*
>
> (B) the action or appeal--
>
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In conducting an initial screen of Plaintiff's Complaint, the Court recognizes that Plaintiff is proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are

2

construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II.

**A.     The Spurlock Defendants**

The Magistrate Judge summarized Plaintiff's allegations against the Spurlock Defendants as follows:

> Plaintiff appears to assert that Defendant Spurlock committed fraud when he did not report certain information to the Georgia court sentencing Plaintiff for crimes to which he had pled guilty. Specifically, Plaintiff references the following affidavit testimony from Michael Sparks' July 15, 2008 affidavit, which Defendant Spurlock obtained and utilized in connection with his representation of Elderlite in an Ohio breach of contract action:
>
> > Burkhalter admitted to me that he received the One Hundred Thirty Thousand Two Hundred Dollars ($130,200.00) from Elderlite but that he could not deliver the trailers of the trailer titles to Elderlite, because he never received them. On or about September 9, 2003, he advised me, for the first time, that he had purchased the trailers from a Mr. Morris in Georgia, who was purchasing the trailers from Cap City in Columbus, Ohio, and that the deals fell apart and he never received the trailers. Prior to this time, he maintained that he was selling the trailers to me in conjunction with Cap City and never mentioned Mr. Morris, or that the Elderlite's purchase money would be paid to Mr. Morris. I stated to him that I purchased the trailers from him and demanded that he deliver the trailers or return Elderlite's purchase money to Elderlite, but he refused. He claimed that he had paid Elderlite's purchase money to Cap City who in turn paid it to Mr. Morris, but he never received the trailers. In other words, he sold trailers to Elderlite he never owned. *Burkhalter admitted that it was all his fault and that he had breached the agreement with Elderlite* . . . .

(Sparks Aff. ¶ 7, ECF No. 7 at Ex. E (emphasis added).) Plaintiff contends that the emphasized affidavit testimony makes clear that the Spurlock Defendants "knew that Burkhalter was responsible for the Elderlite debt, but allowed [Plaintiff] to be responsible for the debt when in fact, he wasn't." (Am. Compl. ¶ 10, ECF No. 7.) He appears to assert that the Georgia sentencing judge enhanced his sentence for his involvement in the Elderlite crime.

3

(June 1, 2011 Report and Rec. 3–4, ECF No. 25.)  The Magistrate Judge concluded that Plaintiff's Amended Complaint failed to state a claim against the Spurlock Defendants for two reasons:

> First, the Court is unaware of any authority that would obligate Defendant Spurlock—a civil lawyer pursuing a breach of contract claim on behalf of his client in an Ohio court—to inject himself into criminal proceedings in Georgia. Second, contrary to Plaintiff's assertions, the affidavit testimony Plaintiff references does not require the conclusion that Plaintiff was not responsible for or involved in the Elderlite crime.  Rather, the affiant stated that Plaintiff *was* involved and that Plaintiff had ultimately received the money for goods that were promised, but not provided.  (*See* Sparks Aff. ¶ 7, ECF No. 7 at Ex. E ("[Burkhalter] claimed that he had paid Elderlite's purchase money to Cap City who in turn paid it to [Plaintiff], but he never received the trailers."))  Furthermore, Plaintiff concedes that he pled guilty to the Elderlite and other crimes. (Am. Compl. ¶ 26, ECF No. 26.)  Under these circumstances, the Court finds that Plaintiff has failed to state a claim against the Spurlock Defendants.

(*Id.* at 4–5.)

Plaintiff Objects to the Report and Recommendation, asserting that  *Kyles v. Whitley*, 514 U.S. 419 (1995) placed a duty upon the Spurlock Defendants to notify the Georgia court of Burkholder's purported admission.  Plaintiff also objects to the Magistrate Judge's review of the purported admission within the context of the entire statement.  He instead contends that the statement "Burkhalter admitted that it was all his fault" should be read in isolation, which would require the conclusion that he was not responsible for or involved in the Elderlite crime.  He explains that the word "all" within the phrase "all my fault" "leaves no room for conspiracy theories."  (Pl.'s Objection 5, ECF No. 27.)

Plaintiff's objections are not well taken.  *Kyles v. Whitley* concerns a prosecutor's duty to disclose exculpatory evidence.  *See* 514 U.S. 419.  It does not, as Plaintiff suggests, place a duty on a civil lawyer pursuing a breach of contract claim on behalf of his client in an Ohio court to

inject himself into criminal proceedings in Georgia. Further, the Magistrate Judge did not error in reviewing the purportedly exculpatory language within the context of the entire statement. When read in context, the Court agrees with the Magistrate Judge that the affidavit does not constitute evidence that is favorable to Plaintiff. In sum, the Court **OVERRULES** Plaintiff's objection and concludes that he has failed to state a claim against the Spurlock Defendants.

**B.     The McCallar Defendants**

The Magistrate Judge ordered that this action could proceed on Plaintiff's state-law claims against the McCallar Defendants. Defendant C. James McCallar objected, asserting that Plaintiff's action is frivolous or malicious and that all of Plaintiff's claims are barred by statutes of limitations. In support of his Objection, Defendant filed a twenty-two page memorandum with thirty-four attached exhibits, a filing which exceeded 250 pages.

The Court has reviewed Plaintiff's Amended Complaint and Defendant McCallar's Objection and concludes that Defendant McCallar has raised relatively complex issues that would be better raised in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Thus, Defendant McCallar's Objection is **OVERRULED**. The Court notes that Defendant McCallar is not prejudiced by this Court's ruling because he is free to raise these arguments in a Rule 12 motion.

### III.

For the reasons that follow, the Court **OVERRULES** the parties' Objections (ECF Nos. 27 and 31) and **ADOPTS** the Magistrate Judge's June 1, 2011 Report and Recommendation (ECF No. 25). Accordingly, Plaintiff's claims against the Spurlock Defendants are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the McCallar Defendants

are **ORDERED** to answer or otherwise respond to Plaintiff's Amended Complaint within **TWENTY-EIGHT DAYS** of the date of this Order.

The Clerk is **DIRECTED** to **TERMINATE AS MOOT** Plaintiff's Motion Regarding McCallar's Qualifications as Expert Handwriting Witness (ECF No. 38), Plaintiff's Motion to Strike (ECF No. 43), and Plaintiff's Motion and Affidavit (ECF No. 50). The Clerk is also **DIRECTED** to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

11-15-2011
_____
**DATE**

_____
EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**